UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT PAUL HEIDEL, JR.**                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 14-273**

**THE ROUNDUP OWNER(S)**                    **SECTION "A"(1)**

### REPORT AND RECOMMENDATION

Plaintiff, Robert Paul Heidel, Jr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil action against the unidentified owners of The Roundup, a bar in the French Quarter of New Orleans. Plaintiff claims that he was robbed and stabbed by a patron of the bar.

A federal court must examine the basis for federal subject matter jurisdiction. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999); <u>E.E.O.C. v. Agro Distribution, LLC</u>, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Unless otherwise provided by statute, federal district courts have jurisdiction over (1) civil actions "arising under the Constitution, laws, or treaties of the United States" and (2) civil actions where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. <u>See</u> 28 U.S.C. §§ 1331 & 1332(a)(1).

"When prosecuting a suit in federal court, the plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." <u>Whitmire v. Victus Ltd.</u>, 212 F.3d 885, 887 (5th Cir. 2000) (quotation marks and brackets omitted). In the instant case, plaintiff has not met that burden. Clearly, his claim does not "arise under" federal law. Although

he submitted his complaint on a form to be used by those asserting a civil rights claim under 42 U.S.C. § 1983, that statute is simply inapplicable here.  "Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  Petitioner's claim does not allege a violation of federal law and the defendants, owners of a private bar, are not state actors. Further, plaintiff does not allege and the complaint does not in any way indicate that diversity of citizenship exists.

Because plaintiff has failed to identify a basis for this Court's jurisdiction, and because no basis for jurisdiction is apparent from the complaint, the undersigned recommends that this matter be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

    New Orleans, Louisiana, this seventh day of February, 2014.

                                      **SALLY SHUSHAN**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[1]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.